UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JOSHUA WIGGINS,

    Plaintiff,

vs.

U.S. SUBMERGENT
TECHNOLOGIES, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL & REQUEST FOR INJUNCTIVE & DECLARATORY RELIEF

Plaintiff, JOSHUA WIGGINS ("Mr. Wiggins" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, U.S. SUBMERGENT TECHNOLOGIES, LLC ("USST" or "Defendant"), a Florida limited liability company, and states as follows:

1. Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages and his attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an adult individual who applied to work for Defendant's company in Orange County, Florida.

4. Defendant is a Florida limited liability company that operates and conducts business in Orlando, Orange County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff, a disabled male, is protected by the ADA because he suffered discrimination on the basis of his disability, and/or perceived disability, by Defendant.

6. Defendant was at all material times an "employer" as defined by the ADA, as it employed in excess of fifteen (15) employees.

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq.*

## CONDITIONS PRECEDENT

8. On or about April 1, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

9. On May 4, 2021, Plaintiff received a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his disability discrimination claims within ninety (90) days of his receipt of same.

10. More than one-hundred-and-eighty (180) days have passed since the

filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

12. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

13. Mr. Wiggins worked for USST as a Field Technician from March 23, 2020, until his termination on February 1, 2021.

14. During his time with USST, Mr. Wiggins was an excellent employee, and had no significant history of attendance, tardiness, or disciplinary issues.

15. On two or three occasions during his time with USST, Mr. Wiggins was affected by heat and dehydration.

16. When Mr. Wiggins or other workers evidenced exhaustion due to the extreme working conditions, USST Supervisors derided and mocked them with comments such as "you need a cane" or "you need crutches"

17. In late January of 2021, a few days after Mr. Wiggins suffered ill effects of overwork and exhaustion on a job site, USST called Mr. Wiggins into a meeting.

18. During this conversation, USST Manager Paul Meding harped on Mr. Wiggins' handful of episodes of dehydration and exhaustion that he had suffered since beginning employment with USST.

19. Mr. Meding and other USST Managers in this meeting stated such things as, "maybe this isn't the job for you" and accused Mr. Wiggins of somehow being an "insurance risk with [him] getting dehydrated."

20. Very shortly thereafter, on February 1, 2021, USST informed Mr. Wiggins that it had decided to terminate his employment, effective immediately.

21. Plaintiff was qualified to perform the essential functions of the position, but USST believed that due to his disability, and/or its perception of Plaintiff's disability, Plaintiff could not.

22. Defendant's actions are the exact type of unfair employment practices that the ADA was intended to prevent.

23. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

24. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA.

25. Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

26. Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

27. Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

28. Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

29. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the ADA.

30. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

31. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

32. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

33. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

35. Plaintiff realleges and adopts the allegations contained in paragraphs 1-34 of the Complaint as if fully set forth in this Count.

36. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

37. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

38. Defendant discriminated against Plaintiff based on his medical condition and disability, and/or perceived disability.

39. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

40. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

41. Plaintiff is entitled to recover reasonable attorneys' fees and litigation

expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 2nd day of August, 2021.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*